UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

AMANDA MOGG, as Guardian of
O.M. and A.M., minors,

    Plaintiffs,                                      Case No.

v.                                                  Hon.

BAY CITY PUBLIC SCHOOLS,

    Defendant.

---

Batey Law Firm, PLLC
SCOTT P. BATEY (P54711)
Attorney for Plaintiffs
30200 Telegraph Road, Suite 400
Bingham Farms, Michigan 48025
(248) 540-6800-telephone
(248) 540-6814-fax
sbatey@bateylaw.com

---

**PLAINTIFF'S COMPLAINT AND JURY DEMAND**

NOW COMES, Plaintiff, Amanda Mogg as Guardian of O.M. and A.M. (hereinafter "Plaintiffs") by and through their attorneys Scott P. Batey and the Batey Law Firm, PLLC, and for their Complaint against Defendant, states as follows:

    1.    Plaintiff's are residents of the City of Bay, County of Bay and State of Michigan.

2. Defendant, Bay City Public Schools (hereinafter "BCPS"), is a government entity duly authorized to operate as a public school district in the County of Bay and State of Michigan.

3. Plaintiff's minors are biological sisters.

4. The events producing the original injury occurred in the County of Bay, State of Michigan, and jurisdiction and venue are proper in the United States District Court for the Eastern District of Michigan pursuant to 28 U.S. Code § 1331, 1367, and 1391(b) & (c).

5. Plaintiff brings this action for damages arising out of the acts and/or omissions of Defendant constituting unlawful discrimination/harassment due to Plaintiff's sex in Violation of the Michigan Elliot Larsen Civil Rights Act, Title IX, and Title VII of the Civil Rights Act of 1964 of sexual harassment.

## GENERAL ALLEGATIONS

6. Plaintiff incorporates by reference paragraphs 1 through 5 of the Complaint as though fully set forth herein.

7. Plaintiff, Mogg's minor, O.M. is currently 10th grade student being home schooled after previously attending Defendant, Bay City Western High School ("BCWHS").

8. Plaintiff, Mogg's minor, A.M. is currently 9th grade student at Bay Arenac after previously attending Defendant, Bay City Western High School

("BCWHS").

9. Plaintiff's minors began their education in part of Defendants school district since elementary school.

10. Beginning on or around July 13, 2021, Plaintiff's minor, O.M., was mocked and harassed for a false rumor of her having sex with a dog.

11. The rumor began as a result of a fictitious video was made by former classmates.

12. After the rumor began, Plaintiff's minor O.M. began to be called "dog fuc*er" throughout the day, every day by students of Defendant explicitly stating that Plaintiff's minor, O.M. had sexual intercourse with a dog.

13. Plaintiff, Amanda Mogg and her husband first reported this to Defendant on or around September 20, 2021.

14. Despite multiple complaints, neither Defendant nor its employees took any action to prevent or stop the ongoing sexual harassment.

15. Upon information and belief, nn or around March 2022, Plaintiffs minor, O.M.'s teacher called her a "dog fuc*er" in front of her classmates during class and told her she fuc*s animals.

16. The rumor about O.M. spread and her younger sister, A.M. began to be sexually harassed and called "dog fuc*er" throughout the day, every day.

17. Plaintiff's minors were constantly called "animal fuc*ers" and "Dog fuc*er" by students and at least one faculty member of Defendant.

18. Plaintiff, Amanda Mogg and her husband, Chad Mogg had numerous meetings with the Principle, Police, Super intendent, and staff at Bay City Western High School.

19. Despite multiple meetings, Defendant failed to take remedial measures, the harassment continued, causing Plaintiff's minors to miss school due to emotional problems caused by sexual harassment and fear of going to school where they continue to be a target.

20. On or around September 2022, at the beginning of the school year, Defendant attempted to put Plaintiff's minor, O.M. on truancy due to her missing school to avoid the sexual harassment.

21. On or around October 2022, Plaintiff, Amanda Mogg decided to begin home schooling O.M.

22. In August 2021, the students who had been harassing Plaintiff's minors appeared at their home screaming at the top of their lungs.

23. On another incident, Plaintiff's home was egged by the students who had been harassing Plaintiffs.

24. On or around January 2023, Plaintiff, Amanda Mogg decided to transfer A.M. to Bay Arenac High School.

25. When A.M. began her education with Bay Arenac High School, students there began harassing her by calling her a "Dog fuc*er" because the rumor had spread to Bay Arenac.

26. Immediately following the harassment, Plaintiff's parents contacted the school and complained.

27. Following the Complaint, the Super intendent of Bay Arenac, did what Defendant, Bay City Public Schools should have done and took appropriate remedial action suspending the five problematic students.

28. Following the suspension of the students, the harassment at Bay Arenac High School stopped.

29. Defendant, through its agents, students, representatives and employees, were predisposed to harass and discriminate against Plaintiffs on the basis of their sex/gender and acted in accordance with that predisposition.

30. Defendants actions were intentional, or were carried out with reckless indifference to Plaintiff's rights and sensibilities.

31. Plaintiff brings this action for damages stemming from the acts and/or omissions of Defendant constituting harassment and discrimination which resulted in both economic and emotional damages to Plaintiff's minors in violations of the Michigan Elliot Larsen Civil Rights Act, and Title IX.

## COUNT I
## SEXUAL HARASSMENT IN VIOLATION
## OF MICHIGAN ELLIOTT-LARSEN CIVIL RIGHTS ACT,
## MCLA 37.2201, *et seq*

32. Plaintiff's incorporate by reference paragraphs 1 through 31 of the Complaint as though fully set forth herein.

33. Plaintiff's belong to a protected class as females.

34. Defendant is a place of public accommodation providing goods, services, facilities and accommodations to Plaintiff's minors.

35. Plaintiff's minors were to be free from interference of Defendant's goods and service due to their sex or on the basis of sex.

36. Pursuant to the Elliott-Larsen Civil Rights Act, MCLA 37.2101, *et seq*., "a person shall not deny an individual the full and equal enjoyment of goods, services, facilities, privileges, advantages, or accommodations of a place of public accommodation or public service because of …sex." MCL 37.2302(a).

37. Pursuant to the Elliott-Larsen Civil Rights Act, MCLA 37.2101, *et seq*., "place of public accommodation means a business or an educational…institution whose goods, services, facilities, privileges….are extended, offered, sold, or otherwise made available to the public." MCL 37.2302(a).

38. Plaintiff's were subjected to communications and conduct on the basis of sex and due to their sex.

6

39. Plaintiff's were subjected to unwelcome sexual communication and conduct.

40. The unwelcome sexual conduct and communication was intended to and did substantially interfered with Plaintiff's full and equal enjoyment of Defendant's goods, services, facilities, privileges, advantages, or accommodations on the basis of Plaintiff's sex and due to their sex.

41. At all material times, Defendant was Plaintiff's school, and Plaintiff's were the students, within the meaning of Michigan Elliott-Larsen Civil Rights Act, MCLA § 37.2101, *et seq*.

42. Plaintiff's minors were subjected to repeated and continuous discriminatory treatment based upon their gender and/or sex by Defendant and/or through their agents, students and/or representatives to the point where their status as students has been detrimentally affected and their ability to function within their responsibilities as students has been hindered and they have been denied full and equal enjoyment of educational service and accommodations.

43. Defendants actions were intentional and in disregard for Plaintiff's rights and sensibilities.

44. The harassment was committed by a staff/teachers/students of Defendant, when Defendant had the ability control and authority to take adequate remedial measures, up to and including disciplinary measures to stop the sexual

harassment.

45. As a direct and proximate result of the unlawful actions of the Defendant and their employees, agents and/or representatives, Plaintiffs were the subject of discriminatory conduct on the part of Defendant's and subjected to a hostile environment to the extent that it actively interfered with their ability to learn or have full and equal enjoyment of Defendant's services and facilities.

46. As a proximate result of the discriminatory conduct by Defendant to take remedial action against the intimidation, harassment and discriminatory conduct, Plaintiff's have sustained injuries including, but not limited to:

   a. Mental anguish;

   b. Fright and shock;

   c. Outrage;

   d. Anxiety;

   e. Depression;

   f. Emotional distress;

   g. Loss of self-esteem;

   h. Loss of education; and

   i. Loss of capacity for the enjoyment of life.

47. Defendant is vicariously liable for acts committed on the basis of respondeat superior.

48. Defendant engaged in discriminatory practices with malice or with reckless indifference to the federally protected the rights of Plaintiff's.

WHEREFORE, Plaintiff's respectfully requests judgment in their favor and against Defendant in an amount in excess of $75,000.00, plus exemplary damages, together with costs, interest and attorney fees and any other relief this Honorable Court deems appropriate.

## COUNT II
## SEXUAL HARASSMENT AND SEX DISCRIMINATION IN VIOLATION OF TITLE IX

49. Plaintiffs incorporate by reference paragraphs 1 through 48 of the Complaint as though fully set forth herein.

50. Defendant is in a receipt of federal funds and is subject to Title IX of the Education Amendments of 1972, as amended, 20 US § 1681, *et seq.,* 34 C.F.R § 106.31.

51. As such, Defendant is prohibited from engaging in sex discrimination, including discrimination on the basis of sex under Title IX, which provides, "No person in the United States shall, on the basis of sex, be [1] excluded from participation in, [2] be denied the benefits of, or [3] be subjected to discrimination under any educational program activity receiving Federal financial assistance." 20 USC § 1681 (a).

52. Plaintiffs reported the sexual harassment to the Principle, Super intendent and staff at Bay City Public Schools, officials who possessed authority and ability to address the alleged discrimination and to institute corrective measures on the Plaintiff's behalf end harassment with Plaintiff's, as well as prevent further harassment from occurring.

53. Defendant's staff and student's demonstrated deliberate indifference to the sexual harassment and discrimination by allowing the sexual harassment and discrimination to continue throughout Plaintiff's minor, O.M and A.M.'s education.

54. Defendant demonstrated deliberate indifference to the sexual harassment and discrimination by taking no corrective action to remedy the harassment that Plaintiff faced.

55. Defendant, Bay City Public Schools and its employees, agents and servants and students acted with deliberate indifferences to known acts of instructor-student sexual harassment and discrimination.

56. Defendant's response to the sexual harassment was clearly unreasonable in light of the known circumstances including the knowledge that Plaintiff's were being harassed by Defendant's employees and student's.

57. Defendant's deliberate indifference caused Plaintiff's to undergo further sexual harassment, and more vulnerable to the sexual harassment after switching schools.

58. Defendant, Bay City Western High School has failed/refused to take *any* disciplinary action against staff and students despite reports of repeated acts of sexual harassment.

59. Defendant subjected Plaintiff's to extreme hostility in sexual harassment on the basis of their sex in violation of Title IX.

60. Defendant's actions deprived Plaintiff's of access to educational opportunities and benefits provided by Defendant Bay City Western High School.

61. As a direct and proximate result of Defendant's unlawful actions, Plaintiff's have suffered irreparable harm, injury, and damages, including but not limited to monetary damages, educational opportunities and mental and emotional distress, anxiety and mental anguish, humiliation and embarrassment, and loss of personal and educational reputation.

WHEREFORE, Plaintiff's respectfully requests judgment in their favor and against Defendant in an amount in excess of $75,000.00, plus exemplary damages, together with costs, interest and attorney fees and any other relief this Honorable Court deem appropriate.

        Respectfully submitted,

        **BATEY LAW FIRM, PLLC**

    By: /s/Scott P. Batey
        SCOTT P. BATEY (P54711)
        Attorney for Plaintiff
        30200 Telegraph Road, Suite 400
        Bingham Farms, MI 48025
        (248) 540-6800-telephone
        (248) 540-6814-fax
        sbatey@bateylaw.com

Dated: April 21, 2023

## **DEMAND FOR JURY TRIAL**

NOW COME, Plaintiff, Amanda Mogg as Guardian of A.M. and O.M. (hereinafter "Plaintiff") by and through their attorneys, Scott P. Batey and the Batey Law Firm, PLLC, and hereby demands a trial by jury on all issued allowed by law.

        Respectfully submitted,
        **BATEY LAW FIRM, P.L.L.C.**

    BY: /s/Scott P. Batey
        SCOTT P. BATEY (P54711)
        Attorney for Plaintiff
        30200 Telegraph Road, Suite 400
        Bingham Farms, MI  48025
        (248) 540-6800
        sbatey@bateylaw.com

Dated:  April 21, 2023